ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN ATTORNEY GENERAL OPINION REGARDING THE PROVISION OF FREE MEALS BY THE OKLAHOMA MEDICAL CENTER. YOUR REQUEST PRESENTED THE FOLLOWING QUESTION:
 MAY THE OKLAHOMA MEDICAL CENTER PROVIDE FREE MEALS TO VISITORS, GUESTS AND STAFF AND FACULTY PHYSICIANS WHO ARE NOT EMPLOYEES AND TO EMPLOYEES WHEN THE PROVISION OF FREE MEALS IS NOT PREDICATED ON A JOB RELATED BENEFIT, GIVEN THE CONSTRAINTS OF ARTICLE X, SECTION 14 AND ARTICLE X, SECTION 15 OF THE OKLAHOMA CONSTITUTION?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO THE OKLAHOMA CONSTITUTION, STATUTES AND EXISTING CASE LAW, THIS OFFICE HAS DETERMINED THAT YOUR QUESTION SHOULD BE ANSWERED BY WAY OF LETTER RATHER THAN AN OFFICIAL OPINION. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION HAVE RAISED.
THE RESPONSE TO YOUR REQUEST REQUIRES AN ANALYSIS OF THE GOVERNANCE OF THE OKLAHOMA MEDICAL CENTER (OMC). OMC INCLUDES THE OKLAHOMA MEMORIAL HOSPITAL, THE CHILDREN'S HOSPITAL OF OKLAHOMA, THE O'DONAGHUE REHABILITATION INSTITUTION AND THE CHILD STUDY CENTER. 56 O.S. 300 (1991). OMC IS A COMPONENT OF THE DEPARTMENT OF HUMAN SERVICES AND IS UNDER THE JURISDICTION, SUPERVISION, MANAGEMENT AND CONTROL OF THE COMMISSION FOR HUMAN SERVICES. SEE, 56 O.S. 337/56 O.S. 402 (1991). OMC IS THUS A STATE OWNED AND OPERATED ENTITY WHICH IS SUPPORTED BY STATE FUNDS.
ARTICLE X, SECTION 14 OF THE OKLAHOMA CONSTITUTION STATES IN PERTINENT PART:
 "TAXES SHALL BE LEVIED AND COLLECTED BY GENERAL LAWS, AND FOR PUBLIC PURPOSES ONLY, EXCEPT THAT TAXES MAY BE LEVIED WHEN NECESSARY TO CARRY INTO EFFECT SECTION THIRTY-ONE OF THE BILL OF RIGHTS."
THIS PROVISION HAS BEEN HELD TO REQUIRE THAT AN EXPENDITURE OF TAX DOLLARS MUST BE FOR A PUBLIC PURPOSE. STATE. EX REL. LACY V. JACKSON, 682 P.2D 218 (OKLA.1983). THE TERM "PUBLIC PURPOSE" IS NOT TO BE CONSTRUED IN A NARROW AND RESTRICTED SENSE. WAV V. GRAND LAKE ASSOCIATION. INC., 635 P.2D 1010, 1015 (OKLA.1981). IT IS SYNONYMOUS WITH "GOVERNMENTAL PURPOSE" AND MEANS A PURPOSE AFFECTING THE INHABITANTS OF A STATE OR TAXING DISTRICT AS A COMMUNITY, AND NOT MERELY AS INDIVIDUALS. ID. AT 1015. A USE MAY BE PUBLIC ALTHOUGH IT IS OF BENEFIT PRIMARILY TO THE INHABITANTS OF A SMALL AND RESTRICTED LOCALITY. ID. AT 1016. IN BURKHARDT V. CITY OF ENID, 771 P.2D 608 (OKLA. 1989), THE OKLAHOMA SUPREME COURT HELD THAT ECONOMIC DEVELOPMENT, PRESERVATION OF JOBS, ATTRACTING NEW INDUSTRY AND SOCIAL, EDUCATIONAL AND CULTURAL BENEFITS WERE ALL INCLUDED WITHIN THE DEFINITION OF PUBLIC PURPOSE. THE OKLAHOMA SUPREME COURT HAS PREVIOUSLY HELD THAT THE COURTS CANNOT INTERFERE TO ARREST LEGISLATIVE ACTION WHERE THE LINE OF DISTINCTION BETWEEN A PUBLIC PURPOSE AND A PRIVATE PURPOSE IS FAINT AND SHADOWY. IN SUCH INSTANCES THE DECISION OF THE LEGISLATURE IS ACCEPTED AS FINAL. WAY, AT 1016 CITING HELEN V. CHILDERS, 181 OKLA. 535, 75 P.2D 398, 399 (1938). THERE IS NO STATUTORY AUTHORITY FOR THE PROVISION OF MEALS AT OMC EXCEPT FOR THE REIMBURSEMENT OF MEALS PURSUANT TO THE STATE TRAVEL REIMBURSEMENT ACT. 74 O.S. 500.1 (1991) ET SEG.
YOU HAVE ASKED ME TO ASSUME FOR PURPOSES OF ANSWERING YOUR QUESTION THAT THE PROVISION OF FREE MEALS IS NOT PREDICATED ON A JOB-RELATED BENEFIT TO OMC EMPLOYEE AND THAT FREE MEALS ARE PROVIDED TO VARIOUS VISITORS, GUESTS AND NON-EMPLOYEE HOUSE STAFF PHYSICIANS AND FACULTY PHYSICIANS. I AM ALSO ASSUMING THAT NOT EVERY VISITOR OR GUEST TO OMC OR MEMBER OF THE PUBLIC IN GENERAL IS PROVIDED A FREE MEAL NOR THAT ANY CRITERIA ARE ESTABLISHED FOR THE PROVISION OF SUCH MEALS (I.E. PROVIDING MEALS ONLY TO INDIGENT PERSONS). THERE MAY BE AN OCCASION WHERE THE PAYMENT OF MEALS TO EMPLOYEES, VISITORS AND STAFF PHYSICIANS DOES IN FACT PROMOTE A PUBLIC PURPOSE, BUT THE ROUTINE, DAY-TO-DAY PROVISION OF SUCH MEALS IS ESSENTIALLY A PRIVATE BENEFIT. IN THE ABSENCE OF A JOB-RELATED BENEFIT OR OTHER LEGITIMATE PURPOSE WHICH WOULD RISE TO THE LEVEL OF A PUBLIC PURPOSE, FREE MEALS SHOULD NOT BE PROVIDED TO STATE EMPLOYEES OF OMC, VISITORS, GUESTS OR HOUSE STAFF AND FACULTY PHYSICIANS. "THE PROMOTION OF THE INTERESTS OF INDIVIDUALS, ALTHOUGH IT MAY RESULT INCIDENTALLY IN THE ADVANCEMENT OF THE PUBLIC WELFARE, IS IN ITS ESSENTIAL CHARACTER A PRIVATE AND NOT A PUBLIC OBJECT." HAWKS V. BLAND, 156 OKLA. 48, 9 P.2D 720 (OKLA. 1932). SEE ALSO, A.G. OPIN. NO. 79-078. IT IS THEREFORE MY OPINION THAT THE PROVISION OF FREE MEALS BY OMC IN THE ABOVE DESCRIBED CIRCUMSTANCES VIOLATES ARTICLE X, S 14 OF THE OKLAHOMA CONSTITUTION.
MOREOVER, ARTICLE X, SECTION 15 OF THE OKLAHOMA CONSTITUTION PROHIBITS THE STATE FROM MAKING A DONATION BY GIFT. THE TERM "GIFT" REFERS TO A GRATUITOUS TRANSFER VOLUNTARILY AND WITHOUT CONSIDERATION, AND INCLUDES APPROPRIATION FOR WHICH THERE IS NO ENFORCEABLE CLAIM. JOHNSTON V. CONNER, 236 P.2D 987 (OKLA. 1951). AS PREVIOUSLY STATED, THERE IS NO STATUTORY AUTHORITY FOR THE PAYMENT OF MEALS EXCEPT BY TRAVEL REIMBURSEMENT. IF THE MEALS ARE NOT PROVIDED AS PART OF AN EMPLOYEE'S REMUNERATION OR OTHERWISE AS AN EMPLOYMENT BENEFIT, THERE IS NO ENFORCEABLE CLAIM FOR WHICH THESE MEALS MAY BE PROVIDED. IT IS ALSO MY OPINION THAT THE PROVISION OF FREE MEALS BY OMC IN THE ABOVE-DESCRIBED CIRCUMSTANCES VIOLATES ARTICLE X, SECTION 15 OF THE OKLAHOMA CONSTITUTION.
(SHERIDAN A. MCCAFFREE)